IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAOMI ALSTON<br>*Plaintiff,* | : | COURT OF COMMON PLEAS |
| | : | |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | |
| GAUDIOSO CONSTRUCTION, INC.,<br>TRI-STATE PAVING &<br>CONSTRUCTION, INC., TRI-STATE<br>PAVING & CONSTRUCTION<br>*Defendants,* | :<br>:<br>:<br>:<br>: | MAY TERM, 2016<br><br>NO. 1329 |
| And | : | |
| | : | |
| GAUDIOSO CONSTRUCTION, INC.,<br>*Third Party Plaintiff,* | :<br>: | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA<br>*Third Party Defendant.* | :<br>:<br>: | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 2679(d) defendant United States of America hereby removes this action to the United States District Court for the Eastern District of Pennsylvania and represents the following in support thereof:

1.  Plaintiff, Naomi Alston, filed a complaint in the Court of Common Pleas, Philadelphia County, on or about May 10, 2016 (May Term, 2016 No. 1329) alleging that the negligence of Gaudioso Construction, Inc. ("Gaudioso") and/or Tri State Paving & Construction, Inc. caused or contributed to a fall in which plaintiff alleges she was injured. See Ex. A (Complaint).

2.  Defendant Gaudioso filed a "Joinder Complaint" against the United States on or about June 30, 2016 alleging that the negligence of employees of the United States acting within

the scope of their employment caused or contributed to plaintiff's alleged injuries.  See Ex. B (Joinder Complaint).

3. Tort claims arising from the conduct of federal employees acting within the scope of their employment must be brought pursuant to the Federal Tort Claims Act.  See 28 U.S.C. § 2671, *et seq.*

4. Removal is appropriate for three reasons.  First, any civil action commenced in state court against the United States may be removed by the United States to the United States District Court for the District in which the state court action is pending.  See 28 U.S.C. § 1442(a)(1).  Second, 28 U.S.C. § 1441 also permits removal of any civil action of which the district courts have original jurisdiction founded on a claim arising under the laws of the United States (and the district court has jurisdiction to determine whether there is jurisdiction under a particular federal statute).  This claim must be brought pursuant to the Federal Tort Claims Act, which is a law of the United States.  Third, removal is appropriate under the Federal Tort Claims Act at any time before trial.  28 U.S.C. § 2679(d)(2).

5. Pursuant to 28 U.S.C. § 1446(d), a certified copy of this Notice is being filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
JOHN T. CRUTCHLOW
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8522
Fax: (215) 861-8618
E-mail: john.crutchlow@usdoj.gov
*Attorneys for the United States of America*

Dated: July 13, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served on July 13, 2016 by First Class United States Mail, postage prepaid, upon the following:

Timothy R. Hough, Esq.
Two Penn Center, Suite 1907
1500 JFK Boulevard
Philadelphia, PA 19102
*Counsel for Plaintiff*

Joseph Connor, III, Esq.
Sharon Harvey, Esq.
Connor, Weber & Oberlies
171 West Lancaster Ave, Suite 100
Paoli, PA 19301
*Counsel for Tri-State Paving & Construction, Inc.*

Laurianne Falcone, Esq.
LaTi Spence, Esq.
Marshall, Dennehey, Warner, Coleman, & Goggin
2000 Market Street, 23rd Floor
Philadelphia, PA 19103
*Counsel for Gaudioso Construction, Inc.*

_____
JOHN T. CRUTCHLOW
Assistant United States Attorney