# EXHIBIT A

TIMOTHY HOUGH, ESQUIRE
IDENTIFICATION NO. 40898
JAFFE & HOUGH
TWO PENN CENTER PLAZA, SUITE 1907
15TH STREET & JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19102
(215) 564-5200

NAOMI ALSTON
1600 Church Road, #A-308
Wyncote, Pennsylvania 19095

v.

GAUDIOSO CONSTRUCTION, INC
1403 Tanguy Road
Glen Mills, Pennsylvania 19342
(continued on next page)

MAJOR JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
10 MAY 2016 03:45 pm
E. MASCUILLI

ATTORNEY FOR PLAINTIFF

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CIVIL DIVISION

JURY TRIAL IS DEMANDED

MAY 2016 TERM
NO.:

## COMPLAINT - CIVIL ACTION
## PREMISES LIABILITY – SLIP & FALL

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
ONE READING CENTER
PHILADELPHIA, PA 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VEINTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMA LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES O OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA NO DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
UNO READING CENTRO
FILADELFIA, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 16050132
Case ID: 1605013

and

TRI-STATE PAVING & CONSTRUCTION INC.,
Individually and d/b/a TRI-STATE PAVING
and d/b/a TRI-STATE
685 E. Christine Road
Nottingham, Pennsylvania 19362

and

TRI-STATE PAVING & CONSTRUCTION
685 E. Christine Road
Nottingham, Pennsylvania 19362

1. Plaintiff is Naomi Alston, an adult individual residing at 1600 Church Road, #A-308 in Wyncote, Pennsylvania, 19095.
2. Defendant is Gaudioso Construction, Inc., a business corporation with a registered address of 1403 Tanguy Road in Glen Mills, Pennsylvania, 19342.
3. Defendant is Tri-State Paving & Construction Inc., individually and d/b/a Tri-State Paving and d/b/a Tri-State, a business corporation with a registered address of 685 E. Christine Road in Nottingham, Pennsylvania, 19362.
4. Defendant is Tri-State Paving & Construction, a fictitious entity owned by the defendant named above in Paragraph 3, with a registered address of 685 E. Christine Road in Nottingham, Pennsylvania, 19362.
5. On or about September 26, 2014 at approximately 11:10 a.m., Plaintiff was walking in the employee parking lot of the United States Post Office located at 9925 Bustleton Avenue in Philadelphia, Pennsylvania (hereinafter referred to for brevity as the Premises), when she was caused to trip and fall as the result of a depression created by the failure to raise a man hole cover during the repaving of said parking lot, causing Plaintiff to sustain serious personal injuries, the details of which are set forth more fully below.
6. At all times material hereto, the defendants, and/or their agents, servants, workers, and/or employees, were responsible for the repaving of the employee parking lot on the Premises where Plaintiff was injured.
7. Plaintiff avers that Defendants had, or should have had, warning and/or notice of the existing defective and dangerous condition on the Premises in time to have remedied same prior to Plaintiff's fall.
8. The aforesaid incident resulted solely from the negligence of Defendants and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

9. Defendants, by and through their agents, servants, workers, and/or employees, proximately caused the injuries of Plaintiff through their negligent acts or omissions in any or all of the following respects:

   a) Failing to properly and adequately repave the employee parking lot of the Premises such that its surface was in a level condition in order to insure the safety of persons including Plaintiff;

   b) Failing to properly inspect the employee parking lot after the repaving was complete;

   c) Failing to take appropriate corrective action to remedy the defective condition created by the depression in the employee parking lot;

   d) Creating a hazard within a known pedestrian walkway;

   e) Failing to warn persons of the dangerous condition created by the depression in the employee parking lot;

   f) Failing to properly supervise, manage, direct, and train employees in repaving and inspection operations;

   g) Failing to extend ordinary care to Plaintiff in order to preclude and prevent said employee parking lot from becoming defective and/or dangerous;

   h) Permitting the aforesaid employee parking lot to be, become, and remain in a defective and dangerous condition when Defendants knew or should have known that said condition presented a danger to persons such as Plaintiff;

   i) Allowing an unreasonably dangerous condition to exist in the face of foreseeable harm in utter disregard of Plaintiff's rights and privileges; and

   j) Violating the codes, ordinances, statutes and laws of the City and County of Philadelphia and the Commonwealth of Pennsylvania relating to the

Case ID: 16050132
Case ID: 160501

maintenance, repair, installation, improvement, alteration, inspection, and care of property.

10. As a direct and proximate result of Defendants' negligence as aforesaid, Plaintiff sustained multiple personal injuries, including but not limited to: rupture of the anterior talofibular ligament and of the calcaneofibular ligament of the left ankle, tenosynovitis of the posterior tibial tendon and flexor digitorum longus tendon of the left ankle, tenosynovitis of the peroneal tendons of the left ankle, left ankle sprain and strain, and other injuries set forth more fully in the reports and records of Plaintiff's treating physicians.

11. As the direct and proximate result of the negligence of Defendants, Plaintiff has incurred reasonable and necessary medical expenses for the care and treatment of her injuries, and may continue to do so into the future, for which she makes claim.

12. As the direct and proximate result of the negligence of Defendants, Plaintiff experienced, and continues to experience, physical pain and suffering, for which she makes claim.

13. As the further result of Defendants' negligence, Plaintiff sustained emotional upset and worry, for which she makes claim.

14. As the additional result of the negligence of Defendants, Plaintiff sustained a loss of her ability to enjoy life's pleasures, for which she makes claim.

15. As the further result of Defendants' negligence, Plaintiff was deprived of her ability to perform her usual and daily household chores and pastimes, for which she makes claim.

16. As the additional result of the negligence of Defendants, Plaintiff suffered humiliation and embarrassment, for which she makes claim.

17. As the further result of Defendants' negligence, Plaintiff sustained a loss of her sense of well-being, for which she makes claim.

18. As the additional result of the conduct of Defendants, Plaintiff has, or may have, endured a loss of wages and/or an impairment of her future earning capacity, for which she makes claim.

19. As a direct and proximate result of the negligence of Defendants, Plaintiff's private health carrier, and/or Medicare and/or Medicaid and/or DPW has in the past, or may in the future, be forced to expend various sums of money for Plaintiff's medical care and treatment for which a lien has been or may be asserted and for which sum and/or reimbursement she makes claim.

20. As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered and incurred other financial losses, for which she makes claim.

WHEREFORE, Plaintiff hereby demands judgment against Defendants in a sum *in excess* of Fifty Thousand ($50,000.00) Dollars.

JAFFE & HOUGH

By: _____
TIMOTHY R. HOUGH, ESQ.
Attorney for Plaintiff

## VERIFICATION

NAOMI ALSTON states that she is the plaintiff; that she is acquainted with the facts set forth in the foregoing COMPLAINT ; that the same are true and correct to the best of her knowledge, information, and belief; and that this statement is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

*[signature]*
NAOMI ALSTON

# EXHIBIT B

19210.03825
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
By: Laurianne Falcone, Esquire
Identification No.: 85764
By: LaTi W. Spence, Esquire
Identification No.: 316531
2000 Market Street, 23rd Floor
Philadelphia, PA 19103
(215) 575-2715; (215) 575-2596

Attorneys for Defendant
Gaudioso Construction, Inc.

Filed and Attested by the
Office of Judicial Records
30 JUN 2016 10:01 am
C. OSTROWSKI

| | |
|---|---|
| NAOMI ALSTON | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| vs. | |
| GAUDIOSO CONSTRUCTION, INC., | MAY TERM, 2016 |
| TRI-STATE PAVING & | |
| CONSTRUCTION, INC., TRI-STATE | NO. 1329 |
| PAVING & CONSTRUCTION | |
| vs. | |
| UNITED STATES OF AMERICA | |
| 9925 Bustleton Avenue | |
| Philadelphia, PA | |

## JOINDER COMPLAINT OF DEFENDANT, GUADIOSO CONSTRUCTION, INC. AGAINST ADDITIONAL DEFENDANT, UNITED STATES OF AMERICA

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-1701

### AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Usted debe presentar una apariencia escrita o en persona o por abogado y archivar en la corte, en forma escrita, sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra de usted sin participación suya y sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiera que usted cumpla con todas las provisiones de cualquier queja o alivio que se pide en la petición de demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI USTED NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
1101 Market Street, 11th Floor, Filadelfia, PA 19107
(215) 238-1701

Case ID: 160501329

Notice to Additional Defendant:
You are directed to plead to the enclosed Joinder Complaint within twenty (20) days or risk imposition of a default judgment.

*LaTi Spence, Esquire*

19210.03825
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
By: Laurianne Falcone, Esquire
Identification No.: 85764
By: LaTi W. Spence, Esquire
Identification No.: 316531
2000 Market Street, 23rd Floor
Philadelphia, PA 19103
(215) 575-2715; (215) 575-2596

Attorneys for Defendant
Gaudioso Construction, Inc.

| | |
|---|---|
| NAOMI ALSTON | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | |
| GAUDIOSO CONSTRUCTION, INC., TRI-STATE PAVING & CONSTRUCTION, INC., TRI-STATE PAVING & CONSTRUCTION | MAY TERM, 2016 NO. 1329 |
| vs. | |
| UNITED STATES OF AMERICA 9925 Bustleton Avenue Philadelphia, PA | |

## JOINDER COMPLAINT OF DEFENDANT, GUADIOSO CONSTRUCTION, INC. AGAINST ADDITIONAL DEFENDANT, UNITED STATES OF AMERICA

1. Plaintiff commenced this action on May 10, 2016 via a Complaint filed in the Philadelphia Court of Common Pleas. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

Case ID: 16050132

2. Plaintiff alleges that on or around September 26, 2014, Plaintiff was walking in the employee parking lot of the United States Postal Office located at 9925 Bustelton Avenue in Philadelphia, Pennsylvania when she was allegedly caused to trip and fall as a result of a depression. Id.

3. Plaintiff alleges that this depression "was caused by a failure to raise a man hole cover during the repaving of said parking lot." Id.

4. Upon information and belief the United States Postal Service owns the parking lot where the alleged fall took place.

5. Upon information and belief, at all times relevant to the Complaint, Additional Defendant, United States Postal Service owned, possessed and/or maintained the parking lot where the alleged fall took place.

6. If the allegations contained in Plaintiff's Complaint are established, said allegations being specifically denied by the Defendant, Gaudioso Construction, Inc. then the alleged claims and/or damages of the Plaintiff were caused, in whole or in part, by the negligence and carelessness of the Additional Defendant, consisting of the following:

    a. Failure to properly inspect the employee parking lot after the repaving was complete;

    b. Failure to take appropriate corrective action to remedy the defective condition created by the depression in the employee parking lot;

    c. Creating a hazard within a known pedestrian walkway;

    d. Failure to warn persons of the dangerous condition created by the depression in the employee parking lot;

Case ID: 16050132

e. Failure to extend ordinary care to Plaintiff in order to preclude and prevent said employee parking lot from becoming defective and/or dangerous;

f. Permitting the aforesaid employee parking lot to be, become, and remain in a defective and dangerous condition when Additional Defendant knew or should have known that said condition presented a danger to person such as the Plaintiff;

g. Allowing an unreasonably dangerous condition to exist in the face of a foreseeable harm in utter disregard of Plaintiff's rights and privileges; and

h. Violating the codes, ordinances, statutes and laws of the City of Philadelphia and the Commonwealth of Pennsylvania relating to the maintenance, repair, installation, improvement, alteration, inspection, and care of property.

**WHEREFORE**, Defendant, Gaudioso Construction, Inc., denies that it bears any liability to Plaintiff and demands judgment in its favor and against Additional Defendants, United States of America, for indemnification and/or contribution for any judgment rendered in favor of the Plaintiff. Additionally, in the event that liability on its part is established at trial, all allegations of which are expressly denied by Defendant, then Defendant requests that the Court find that Additional Defendant is alone liable to Plaintiff, jointly and/or severally liable, or liable over to Original Defendant for indemnification and/or contribution.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: /s/ Lati Spence
LAURIANNE FALCONE
LATI SPENCE
Attorneys for Defendant
Gaudioso Construction, Inc.

Case ID: 160501

## VERIFICATION

LATI W. SPENCE, ESQUIRE, states that she is the attorney for Defendant, GAUDIOSO CONSTRUCTION, INC.; that she is acquainted with the facts set forth in the foregoing Joinder Complaint Against Additional Defendant, United States of America, that the same are true and correct based upon information provided to her; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____
LaTi W. Spence, Esquire

Date: 6/30/14